F I L E D
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

JUN 27 2000

TENTH CIRCUIT

F I L E D

JUL 2 4 2000

Phil Lombardi, Clerk
U.S. DISTRICT COURT

PATRICK FISHER
Clerk

MARCUS R. MILLER,

Petitioner-Appellant,

v.

KENNETH KLINGLER, Warden,

Respondent-Appellee.

No. 99-5164
(N.D. Okla.)
(D.Ct. No. 97-CV-287-BU)

ORDER AND JUDGMENT*

A true copy
Teste
Patrick Fisher
Clerk, U.S. Court of
Appeals, Tenth Circuit
By_____
Deputy Clerk

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Marcus R. Miller, a state inmate appearing *pro se*, appeals the

---

* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's decision denying his request for a certificate of appealability and his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We deny Mr. Miller's application for a certificate of appealability and dismiss his appeal.

A state trial court sentenced Mr. Miller to fifty years in prison following his conviction for unlawful possession of a controlled dangerous substance after former convictions of two or more felonies. Mr. Miller unsuccessfully filed a direct appeal and later unsuccessfully sought post-conviction relief on claims he failed to raise in his direct appeal. The Oklahoma Court of Criminal Appeals denied relief, based in part on a determination Mr. Miller's claims were procedurally barred by his failure to raise them on direct appeal.

Unsuccessful in state court, Mr. Miller filed his federal habeas petition, alleging: (1) denial of a full and fair hearing because the "pretexual stop" of his vehicle violated the Fourth Amendment; (2) inconsistent and arbitrary application of Oklahoma's procedural bar or default rule; (3) erroneous use of "presumed not guilty" burden of proof jury instructions; (4) failure to retroactively apply *Flores v. State*, 896 P.2d 558 (Okla. Crim. App.), *cert. denied*, 516 U.S. 1002 (1995), in

conjunction with these erroneous jury instructions;[1] and (5) ineffective assistance of both trial and appellate counsel in failing to raise the *Flores* issue concerning these jury instructions.

In an exceedingly comprehensive order, the district court denied Mr. Miller's petition. Applying the controlling Supreme Court and Tenth Circuit authority, the district court determined Mr. Miller procedurally defaulted his *Flores* and ineffective assistance of trial counsel claims because he never raised them in his direct appeal or made the requisite showing of cause and prejudice for failing to raise them. Specifically, the district court determined the Oklahoma procedural default rule was an independent and adequate state ground barring review of the issues Mr. Miller did not raise on direct appeal. As to the ineffective assistance of counsel issue, the district court rejected Mr. Miller's attempt to show "cause" for failing to raise the ineffectiveness of his trial counsel

---

[1] As the district court described, "[i]n *Flores*, the Oklahoma Court of Criminal Appeals held that a trial judge's deviation from the uniform jury instructions regarding the presumption of innocence and the state's burden of proof when the jury was deciding the guilt or innocence of a defendant was reversible error. 896 P.2d at 562." In this case, the Oklahoma Court of Criminal Appeals determined no retroactive application of *Flores* applied because "*Flores* does not announce a new rule, or even implicate the possibility of retroactive application of such rules, because its result was *dictated* by precedent existing at the time Flores' conviction became final and at the time [Mr. Miller's] conviction became final." (Emphasis in original.)

by claiming his appellate counsel on direct appeal acted ineffectively by failing to raise the issue. The district court determined neither of Mr. Miller's counsel – at trial or on direct appeal – acted ineffectively in failing to raise the *Flores* issue because the *Flores* decision was issued a year after Mr. Miller's direct appeal was decided. In addition to determining Mr. Miller procedurally defaulted his ineffective assistance of trial counsel claim, the district court also found Mr. Miller made only a conclusory statement of innocence, rather than the requisite "colorable showing of actual innocence sufficient to fall within the fundamental miscarriage of justice exception."

Having disposed of Mr. Miller's procedurally defaulted claims, the district court next turned to the two claims Mr. Miller did not procedurally default. In so doing, the district court determined Mr. Miller received a full and fair opportunity to litigate his Fourth Amendment alleged pretextual stop claim in state court. In addition, the district court held the state court's decision on this issue was not contrary to and did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented in state court. The court reiterated its conclusion Mr. Miller's appellate counsel did not act ineffectively in failing to raise the *Flores* claim on direct appeal. In so

holding, the court again pointed out the *Flores* decision was issued a full year after Mr. Miller's conviction was affirmed on direct appeal. The court held appellate counsel did not need to advance every argument on appeal urged by Mr. Miller or anticipate appellate issues contained in decisions yet to be issued. The district court concluded "the Oklahoma Court of Criminal Appeals' rejection of [Mr. Miller's] ineffective assistance of counsel claims was entirely consistent with Supreme Court precedent."

On appeal, Mr. Miller advances the following arguments to support his application for a certificate of appealability:

> (1) The State and Federal District Court's decision was contrary to clearly established Federal Law as determined by the Supreme Court of the [United States]. (2) The Oklahoma Procedural Bar rule is not Independent and Adequate. (3) The Northern District Court's Order was contrary to Appellant's "Actual Innocence" claim. (4) The Northern District Court Abused its discretion, in not appointing Counsel to represent the Appellant. (5) The District Court abused [its] discretion by not addressing Appellant's 'NOVELNESS' of the claim issue even though Appellant raised it in his brief.

In addition to these issues, Mr. Miller also contends the district court erred in refusing to hold an evidentiary hearing to develop the factual basis for his ineffective assistance of counsel and innocence claims.

"[W]e review the district court's factual findings under a clearly erroneous

standard, and its legal conclusions *de novo.*" *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 944 (2000). We also review *de novo* Mr. Miller's ineffective assistance of counsel claims. *United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997).

> We may not grant habeas relief unless the state court's decision was: "(1) ... contrary to, or involved an unreasonable application of, clearly established federal law, ... or (2) resulted in a decision ... based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."
>
> *Rogers*, 173 F.3d at 1282 (quoting 28 U.S.C. § 2254(d)(1) & (2)).

Applying these standards, we have carefully reviewed the record and agree with the district court's decision. Because the district court provided a comprehensive, well-reasoned analysis supporting its decision, we find it unnecessary to reiterate the same analysis here. In sum, Mr. Miller fails to show the district court's decision is in error or that any of the adverse state decisions against him are in violation of clearly established federal law. We also reject Mr. Miller's conclusory statement "[t]he Oklahoma Procedural Bar rule is not Independent and Adequate." On the contrary, we have held Oklahoma law, denying post-conviction relief on defaulted claims which could have been raised on direct appeal, provides an independent and adequate state ground permitting us to refuse to review such claims. *See Odum v. Boone*, 62 F.3d 327, 331 (10th

Cir. 1995).  This court will not perform a habeas review on issues defaulted in state court on independent and adequate state procedural grounds, unless Mr. Miller demonstrates "cause and prejudice" or "a fundamental miscarriage of justice." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (relying on *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

We next address Mr. Miller's claim the district court erred in failing to grant him an evidentiary hearing on his ineffective assistance of counsel and innocence claims.  We review the district court's denial of an evidentiary hearing under an abuse of discretion standard.  *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir.), *cert. denied*, 519 U.S. 998 (1996).  The district court is required to hold an evidentiary hearing in a habeas case only when "the evidence sought to be introduced ... [is] material to the issue in question and ... [was] inadequately developed in state court for reasons not attributable to [Mr. Miller's] inexcusable neglect." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1536 (10th Cir. 1994).  Mr. Miller's conclusory allegations of disputed facts are insufficient to show the evidence was inadequately developed in state court or that the district court abused its discretion in not granting an evidentiary hearing.

With respect to Mr. Miller's claim the district court erred in not appointing

him counsel, we have stated "there is no constitutional right to counsel beyond the appeal of a criminal conviction, and that generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyoming Dep't of Corrections*, 23 F.3d 332, 333 (10th Cir. 1994). Our review of the record establishes the district court did not abuse its discretion by failing to appoint Mr. Miller counsel.

Finally, we reject Mr. Miller's summary claim the district court abused its discretion by not addressing the "novelness" of his claims. Regardless of the novelty of Mr. Miller's *pro se* arguments, the district court properly rejected them and was not required to address Mr. Miller's conclusory assertions concerning their novelty. *Cf. Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

Under the circumstances presented, we conclude Mr. Miller fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Thus, for substantially the same reasons articulated by the district court in its August 3, 1999 Order, and the reasons announced here, we

deny Mr. Miller's request for a certificate of appealability and **DISMISS** his appeal.

                              **Entered by the Court:**

                              **WADE BRORBY**
                              United States Circuit Judge

**United States Court of Appeals for the Tenth Circuit**
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Elisabeth A. Shumaker
Chief Deputy Clerk

July 19, 2000

Mr. Phil Lombardi
Clerk
United States District Court for the N. District of Oklahoma
333 W. Fourth Street
Room 411 United States Courthouse
Tulsa, OK 74103

RECEIVED

JUL 2 4 2000

Phil Lombardi, Clerk
U.S. DISTRICT COURT

        Re:      99-5164, Miller v. Klingler
                 Dist/Ag docket:  97-CV-287-BU,

Dear Counsel:

     Enclosed for the clerk of the trial court or the named agency,
is a certified copy of the order and judgment filed in this case which
is issued as the mandate of this court.  See Fed. R.  App. P. 41(a).
Please file it in the records of your court or agency.

     Please acknowledge receipt of this mandate by file stamping and
returning the enclosed copy of this letter.  Any original record will
be returned to you at a later date.

     Please contact this office if you have questions.

                                        Sincerely,

                                        PATRICK FISHER
                                        Clerk

                                   By:  _____
                                        Deputy Clerk

PF:oac

cc:
     Marcus R. Miller
     Patrick T. Crawley, Asst. Attorney Gen.